UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| (I')SLA BALLARD[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV1773 HEA |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

---

[1]Plaintiff's motion to certify a class action will be denied. Under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." He cannot do so acting as a pro se litigant. Rather, a litigant may bring his own claims to federal court without counsel, but not the claims of others. See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se.").

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly

suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this "human and civil rights complaint" against: the City of St. Louis: the St. Louis Department of Public Safety; Medium Security Institution ("MSI")/the Workhouse; the St. Louis City Justice Center; Captain Unknown Diggs; C.O. Martin Badge #1017; C.O. K. Byas; L.T. Johnson; C.O. Patton; and the St. Louis City Bond Commission.

Plaintiff states that he was incarcerated in MSI and the St. Louis City Justice Center from June of 2009 until April of 2013 wherein he was subjected to overcrowding. He asserts that one of the reasons for the alleged overcrowding is the "environment of excessive bonds," which plaintiff believes is set by the St. Louis City Bond Commission.

Plaintiff claims that on several occasions in January, February and April of 2012, he had to sleep on bunk-a-stack/plastic removable beds that were placed on the floors of cells at both MSI and at the St. Louis City Justice Center. He claims that he

slept in a cell with two and four persons, respectively, that were made for one detainee.

Plaintiff additionally complains that he was denied writing supplies and paper, as well as his own legal materials, during a stay in administrative segregation in January of 2012 at MSI. Plaintiff asserts that he was denied a pen on one occasion by defendant C.O. Martin Badge # 1017, and on another occasion by Captain Diggs. Plaintiff states that Diggs told him that he was being denied writing materials because inmates "keep writing graffiti on the walls in disciplinary segregation."

Plaintiff states that in February of 2013 while he was in disciplinary segregation at MSI, defendant Johnson confiscated a "personal folder" that happened to contain "legal documentation, material and mail." Plaintiff states that he was told that he "can't have legal work or writing pen in the hole." Plaintiff asserts that in March of 2013 he was against denied "access to his legal-material and legal mail when [he was] re-assigned housing classification." Plaintiff claims that defendant Patton told him that he could not have "any writing supplies while assigned to Pod #4," and plaintiff asserts that this included his own legal material, legal mail and writing supplies. Plaintiff claims that he was denied his supplies for a total of 15 days. Plaintiff believes that defendant Johnson's, as well as defendant Patton's, acts violated his First Amendment rights.

Plaintiff states he was later told by defendant Byas that defendant Diggs should not have told him that he couldn't have "legal materials" and writing supplies while in disciplinary segregation.

**Discussion**

Plaintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis City Justice Center, the St. Louis City Bond Commission and the MSI/Workhouse are legally frivolous because these defendants are not suable entities. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Byas was directly involved in or personally responsible for the alleged violations of his constitutional rights. Rather, plaintiff merely states that defendant

Byas told him that defendant Diggs was wrong in telling him that he couldn't have legal materials and writing supplies in disciplinary segregation. There is nothing in this alleged statement by defendant Byas that states a constitutional violation. As a result, the complaint fails to state a claim upon which relief can be granted with respect to defendant Byas.

The complaint is silent as to whether the remaining individual defendants - Diggs, Martin, Johnson and Patton - are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case, the City of St. Louis. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). Although plaintiff believes he has alleged that there was a policy of denying writing materials to individuals in disciplinary

segregation, he has not alleged that this policy was unconstitutional under the First Amendment. Thus, to the extent that plaintiff is attempting to assert an access-to-the-courts claim under a policy theory, the complaint is legally frivolous. Plaintiff does not claim that there was a policy of denying legal materials and writing materials to those inmates who provided the prison with proof that they had an ongoing legal case. Moreover, and most importantly, he has not shown that he, himself, suffered "actual prejudice with respect to contemplated or existing litigation," see Lewis v. Casey, 518 U.S. 343, 348 (1996), which he is required to do to show a First Amendment violation. As such, he has not shown a violation of his First Amendment rights.

Last, plaintiff's allegations of overcrowding fail to state an Eighth Amendment violation in this instance. To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities and that defendants were deliberately indifferent to excessive risk to his health or safety. E.g., Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995) ("Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding."). Plaintiff has failed to allege details relevant to either prong of the Eighth Amendment analysis.

Moreover, plaintiff's generalized and conclusory allegations of overcrowding and his theories of "excessive bonds" and their contribution to the purported overcrowded conditions at MSI and the Justice Center fail to reach a the level of plausibility and common sense this Court is required to use to review plaintiff's pleadings under Iqbal. As such, plaintiff's claims are subject to dismissal for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 1st day of November, 2013.

    _____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE